UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CORRECT CRAFT IP HOLDINGS, LLC,**
a Florida limited liability company,

       Plaintiff,

vs.                                            **CASE NO. 6:09-CV-813-ORL-28KRS**

**MALIBU BOATS, LLC**, a Delaware limited liability company; and **DANMARK INTERNATIONAL, INC.**, d/b/a **CENTRAL FLORIDA BOATING CENTER,** a Florida corporation,

       Defendants.
_____

**MALIBU BOATS, LLC**, a Delaware limited liability company; and **DANMARK INTERNATIONAL, INC.**, d/b/a **CENTRAL FLORIDA BOATING CENTER,** a Florida corporation,

       Counterclaimants,

vs.

**CORRECT CRAFT IP HOLDINGS, LLC,** a Florida limited liability company,

       Counterclaim Defendant.
_____/

## DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendants Malibu Boats, LLC ("Malibu") and Danmark International, Inc. ("Danmark") (collectively "Defendants") hereby answer the Complaint of Plaintiff Correct Craft IP Holdings, LLC ("Plaintiff").

## PARTIES, JURISDICTION AND VENUE

1. Admitted.

2. Defendants admit that Malibu is a Delaware limited liability company with its principal place of business at One Malibu Ct., Merced, California 95340. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants admit that Danmark is a Florida corporation with its principal place of business at 5500 E Colonial Dr., Orlando, Florida 32807. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants do not contest personal jurisdiction. Defendants deny the remaining allegations in Paragraph 4.

5. To the extent Plaintiff has standing, Defendants admit that this Court has subject matter jurisdiction, and Defendants admit the remaining allegations.

## STATEMENT OF FACTS

6. Defendants admit that wakeboarding is a recreational boating activity and deny the remaining allegations in Paragraph 6.

7. Defendants admit that the United States Patent and Trademark Office issued U.S. Patent No. RE37,823 ("the '823 patent"), titled "Water Sport Towing Apparatus and Method," on September 3, 2002. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and on that basis, deny such allegations.

9.  Defendants admit that the United States Patent and Trademark Office issued U.S. Patent No. 6,666,159 ("the '159 patent") on December 23, 2003. Defendants deny the remaining allegations of Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 10, and on that basis, deny such allegations.

11. Defendants admit that the United States Patent and Trademark Office issued U.S. Patent No. 6,044,788 ("the '788 patent") on April 4, 2000. Defendants deny the remaining allegations of Paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 12, and on that basis, deny such allegations.

13. Defendants admit that the United States Patent and Trademark Office issued U.S. Patent No. 6,192,819 ("the '819 patent") on February 27, 2001. Defendants deny the remaining allegations of Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 14, and on that basis, deny such allegations

15. Defendants admit that the United States Patent and Trademark Office issued U.S. Patent No. 6,374,762 ("the '762 patent") on April 23, 2002. Defendants deny the remaining allegations of Paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 16, and on that basis, deny such allegations.

-4-

17. Defendants admit that the United States Patent and Trademark Office issued U.S. Patent No. 7,299,761 ("the '761 patent") on November 27, 2007. Defendants deny the remaining allegations of Paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and on that basis, deny such allegations.

19. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, and on that basis, deny such allegations.

20. Denied.

## COUNT ONE:

## ACTION FOR PATENT INFRINGEMENT

21. In response to Paragraph 21, Defendants incorporate by reference their responses to the allegations of Paragraphs 1-20.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise bear, and reserving the right to amend this Answer to assert additional defenses as they may become known during investigation and discovery, Defendants assert the following separate and additional defenses.

### First Affirmative Defense: Invalidity

28.   One or more claims of the '823, '159, '788, '819, '762, and '761 patents (collectively the "Patents-in-Suit") are invalid for violation of one or more provisions of 35 U.S.C. §§ 102, 103, 112, and/or 282.

### Second Affirmative Defense: Noninfringement

29.   Defendants have not infringed and do not presently infringe, directly, by inducement, or contributorily, one or more claims of the Patents-in-Suit, either literally or under the doctrine of equivalents.

### Third Affirmative Defense: Prosecution History Estoppel

30.   By reason of the prosecution history in the Patent Office of the applications that resulted in issuance of the Patents-in-Suit, Plaintiff is estopped from maintaining that any claim of those patents covers any of Defendants' products.

### Fourth Affirmative Defense: License

31.   Defendants have been authorized by a licensee of one or more of the Patents-in-Suit to incorporate licensed products into their products.  Accordingly, one or more of the products that Plaintiff alleges to infringe the Patents-in-Suit are already licensed under the Patents-in-Suit.

### Fifth Affirmative Defense: Standing

32. Plaintiff's claims under one or more of the Patents-in-Suit are barred, in whole or in part, because Plaintiff lacks standing. Therefore, this Court lacks subject matter jurisdiction over such claims.

### Sixth Affirmative Defense: Failure to Mark

33. To the extent Plaintiff has failed to comply with the notice requirements of 35 U.S.C. § 287, Plaintiff is barred from all monetary relief for acts that occurred prior to Plaintiff providing actual notice to Defendants.

### Seventh Affirmative Defense: Limitation on Damages

34. Pursuant to 35 U.S.C. § 286, Plaintiff is barred from recovering any damages for acts that occurred more than six years before it filed the complaint in this action.

### Eighth Affirmative Defense: Assertion of Patents with Invalid Claims

35. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to comply with 35 U.S.C. § 288.

### Ninth Affirmative Defense: Laches

36. Plaintiff's claims are barred, in whole or in part, under the equitable doctrine of laches.

37. Plaintiff and/or prior owners of the Patents-in-Suit unreasonably delayed in bringing suit against Defendants, and that unreasonable delay caused prejudice to Defendants.

### Tenth Affirmative Defense: Unclean Hands

38. Plaintiff's claims are barred, in whole or in part, under the equitable doctrine of unclean hands, based at least upon the inequitable conduct of those involved in the prosecution of the Patents-in-Suit, including the alleged inventors and prosecuting agents and attorneys before the Patent Office.

### Eleventh Affirmative Defense: Fraud

39. Plaintiff's claims are barred, in whole or in part, because of fraud, based at least upon the fraudulent conduct of those involved in the prosecution of the Patents-in-Suit, including the alleged inventors and prosecuting agents and attorneys before the Patent Office.

### COUNTERCLAIMS

For its counterclaims against Counterclaim-Defendant Correct Craft IP Holdings, LLC, Counterclaimants Malibu Boats, LLC ("Malibu") and Danmark International, Inc. ("Danmark") (collectively "Counterclaimants") respectfully states as follows:

### PARTIES

1. Malibu is a Delaware limited liability company with its principal place of business at One Malibu Ct, Merced, California 95340.

2. Danmark is a Florida corporation with its principal place of business at 5500 E Colonial Dr., Orlando, Florida 32807.

3. Counterclaimants are informed and believe, and thereupon allege, that Correct Craft IP Holdings, LLC ("Correct Craft") is a Florida limited liability company with its principal place of business at 14700 Aerospace Parkway, Orlando, Florida 32832.

## JURISDICTION AND VENUE

4.   This Court has personal jurisdiction over Correct Craft by virtue of its presence and activities in the state of Florida, and by virtue of its having submitted to the personal jurisdiction of this Court through the filing of this lawsuit.

5.   Correct Craft has alleged that it is the owner of U.S. Patent Nos. RE37,823 ("the '823 patent"), 6,666,159 ("the '159 patent"), 6,044,788 ("the '788 patent"), 6,192,819 ("the '819 patent"), 6,374,762 ("the '762 patent"), and 7,299,761 ("the '761 patent") (collectively the "Patents-in-Suit").

6.   In bringing this action, Correct Craft has asserted that Malibu and Danmark are infringing the Patents-in-Suit. Accordingly, an actual controversy exists between Counterclaimants and Correct Craft regarding the invalidity and unenforceability of the Patents-in-Suit, and noninfringement of those patents based upon any conduct of Counterclaimants.

7.   Counterclaimants assert counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory judgments under the patent laws of the United States, Title 35 of the United States Code, that the patents asserted by Correct Craft are not infringed and are invalid. These counterclaims are based upon an actual controversy, and this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and 35 U.S.C. § 1, *et seq.*

8.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c).

-9-

## FIRST COUNTERCLAIM:

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '823 PATENT

9. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-8 of these Counterclaims.

10. Correct Craft alleges in its Complaint that it is the owner of U.S. Patent No. RE37,823 ("the '823 patent").

11. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '823 patent and Counterclaimants have denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the alleged infringement of the '823 patent.

12. Counterclaimants have not engaged in any conduct constituting infringement of the '823 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

13. Counterclaimants request declaratory judgment that they do not infringe one or more claims of the '823 patent.

## SECOND COUNTERCLAIM:

## INVALIDITY OF THE '823 PATENT

14. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-13 of these Counterclaims.

15. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '823 patent and Counterclaimants have asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the invalidity of the '823 patent.

16. One or more claims of the '823 patent are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, 112 or 282.

17. Counterclaimants request declaratory judgment that one or more of the claims of the '823 patent are invalid.

### THIRD COUNTERCLAIM:

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '159 PATENT

18. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-17 of these Counterclaims.

19. Correct Craft alleges in its Complaint that it is the owner of U.S. Patent No. 6,666,159 ("the '159 patent").

20. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '159 patent and Counterclaimants have denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the alleged infringement of the '159 patent.

21. Counterclaimants have not engaged in any conduct constituting infringement of the '159 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

22. Counterclaimants request declaratory judgment that they do not infringe one or more claims of the '159 patent.

## FOURTH COUNTERCLAIM:

## INVALIDITY OF THE '159 PATENT

23. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-22 of these Counterclaims.

24. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '159 patent and Counterclaimants have asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the invalidity of the '159 patent.

25. One or more claims of the '159 patent are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, 112 or 282.

26. Counterclaimants request declaratory judgment that one or more of the claims of the '159 patent are invalid.

**FIFTH COUNTERCLAIM:**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '788 PATENT**

27. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-26 of these Counterclaims.

28. Correct Craft alleges in its Complaint that it is the owner of U.S. Patent No. 6,044,788 ("the '788 patent").

29. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '788 patent and Counterclaimants have denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the alleged infringement of the '788 patent.

30. Counterclaimants have not engaged in any conduct constituting infringement of the '788 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

31. Counterclaimants request declaratory judgment that they do not infringe one or more claims of the '788 patent.

**SIXTH COUNTERCLAIM:**

**INVALIDITY OF THE '788 PATENT**

32. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-31 of these Counterclaims.

33. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '788 patent and Counterclaimants have asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the invalidity of the '788 patent.

34. One or more claims of the '788 patent are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, 112 or 282.

35. Counterclaimants request declaratory judgment that one or more of the claims of the '788 patent are invalid.

## SEVENTH COUNTERCLAIM:

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '819 PATENT

36. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-35 of these Counterclaims.

37. Correct Craft alleges in its Complaint that it is the owner of U.S. Patent No. 6,192,819 ("the '819 patent").

38. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '819 patent and Counterclaimants have denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the alleged infringement of the '819 patent.

39. Counterclaimants have not engaged in any conduct constituting infringement of the '819 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

40. Counterclaimants request declaratory judgment that they do not infringe one or more claims of the '819 patent.

## EIGHTH COUNTERCLAIM:

## INVALIDITY OF THE '819 PATENT

41. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-40 of these Counterclaims.

42. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '819 patent and Counterclaimants have asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the invalidity of the '819 patent.

43. One or more claims of the '819 patent are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, 112 or 282.

44. Counterclaimants request declaratory judgment that one or more of the claims of the '819 patent are invalid.

## NINTH COUNTERCLAIM:

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '762 PATENT

45. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-44 of these Counterclaims.

46. Correct Craft alleges in its Complaint that it is the owner of U.S. Patent No. 6,374,762 ("the '762 patent").

47. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '762 patent and Counterclaimants have denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the alleged infringement of the '762 patent.

48. Counterclaimants have not engaged in any conduct constituting infringement of the '762 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

49. Counterclaimants request declaratory judgment that they do not infringe one or more claims of the '762 patent.

## TENTH COUNTERCLAIM:

## INVALIDITY OF THE '762 PATENT

50. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-49 of these Counterclaims.

51. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '762 patent and Counterclaimants have asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the invalidity of the '762 patent.

52. One or more claims of the '762 patent are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, 112 or 282.

53. Counterclaimants request declaratory judgment that one or more of the claims of the '762 patent are invalid.

## ELEVENTH COUNTERCLAIM:

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '761 PATENT

54. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-53 of these Counterclaims.

55. Correct Craft alleges in its Complaint that it is the owner of U.S. Patent No. 7,299,761 ("the '761 patent").

56. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '761 patent and Counterclaimants have denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the alleged infringement of the '761 patent.

57. Counterclaimants have not engaged in any conduct constituting infringement of the '761 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

58. Counterclaimants request declaratory judgment that they do not infringe one or more claims of the '761 patent.

## TWELFTH COUNTERCLAIM:

## INVALIDITY OF THE '761 PATENT

59. Counterclaimants incorporate and reallege here the allegations set forth in paragraphs 1-58 of these Counterclaims.

60. Correct Craft has asserted in its Complaint a claim of patent infringement against Counterclaimants based on the '761 patent and Counterclaimants have asserted an affirmative defense of invalidity. Thus, an immediate, real and justiciable controversy now exists between Counterclaimants and Correct Craft with respect to the invalidity of the '761 patent.

61. One or more claims of the '761 patent are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, 112 or 282.

62. Counterclaimants request declaratory judgment that one or more of the claims of the '761 patent are invalid.

## THIRTEENTH COUNTERCLAIM:

## DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY

63.     Counterclaimants incorporate by reference and re-allege each of the allegations set forth in paragraphs 1-62 of these Counterclaims.

64.     The Patents-in-Suit are unenforceable due to inequitable conduct before the Patent Office during the prosecution of the Patents-in-Suit and the patents to which they claim priority.

65.     Accordingly, judicial relief from this Court is warranted in the form of a declaration that the Patents-in-Suit are unenforceable.

## FOURTEENTH COUNTERCLAIM:

## AWARD OF ATTORNEYS' FEES AND COSTS

66.     Counterclaimants incorporate by reference and re-allege each of the allegations set forth in paragraphs 1-65 of these Counterclaims.

67.     This case is exceptional under 35 U.S.C. § 285.  Therefore, Correct Craft should be ordered to pay Counterclaimants' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Counterclaimants request that:

1.     This Court deny any and all relief Plaintiff requests in its Complaint, and dismiss the Complaint with prejudice;

2.     This Court enter a judgment declaring that the Patents-in-Suit are invalid and void;

3. This Court enter a judgment declaring that the Patents-in-Suit are unenforceable;

4. This Court enter a judgment declaring that Counterclaimants do not infringe the Patents-in-Suit;

5. This Court enter a judgment declaring that it is the right of Counterclaimants to continue to make, use and sell their products without any threat or other interference by Correct Craft IP Holdings, LLC based on any ownership or interest in the Patents-in-Suit;

6. This Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and that Counterclaimants are entitled to recovery of reasonable attorneys' fees and costs;

7. Counterclaimants be awarded costs, attorneys' fees and other relief, both legal and equitable, to which they may be justly entitled;

8. Counterclaimants be awarded relief under 28 U.S.C. § 2202; and

9. Counterclaimants be awarded such other and further relief as this Court deems proper.

Respectfully submitted this 6th day of August, 2009.

/s/ RICHARD E. MITCHELL
JEFFREY D. KEINER, ESQ.
Florida Bar No.: 181678
jkeiner@gray-robinson.com
GUY S. HAGGARD, ESQ.
Florida Bar No.: 372005
ghaggard@gray-robinson.com
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rmitchell@gray-robinson.com

             GrayRobinson, P.A.
             Post Office Box 3068
             Orlando, Florida 32802-3068
             (407) 843-8880 Telephone
             (407) 244-5690 Facsimile
             Local Counsel for Defendants

              – and –

             CRAIG S. SUMMERS, ESQ.
             California Bar No.: 108688
             csummers@kmob.com
             DOUGLAS G. MUEHLHAUSER, ESQ.
             California Bar No.: 179495
             dmuehlhauser@kmob.com
             JOHN M. GROVER, ESQ.
             California Bar No.: 204003
             jgrover@kmob.com
             Knobbe Martens Olson & Bear LLP
             2040 Main Street, 14th Floor
             Irvine, California 92614-3641
             (949) 760-0404 Telephone
             (949) 760-9502 Facsimile
             Lead Trial Counsel for Defendants

              – and –

             TIMOTHY J. GOODSON, ESQ.
             California Bar No.: 244649
             timothy.goodson@kmob.com
             Knobbe Martens Olson & Bear LLP
             One Sansome Street, Suite 3500
             San Francisco, California 94104
             (415) 954-4114 Telephone
             (415) 954-4111 Facsimile
             Lead Trial Counsel for Defendants

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 6th day of August, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

             **/s/  RICHARD E. MITCHELL**
             RICHARD E. MITCHELL, ESQ.

7595136